Good morning, everyone. Our first argument this morning is in United States v. Endre 23-3255. Mr. Oliver, good morning. Good morning, Your Honor. May it please the Court. Mr. Endre is before this Court this morning because the District Court failed to assess Mr. Endre's extraordinary and compelling circumstances and did not perform the two-step analysis outlined in United States v. Thacker. If the District Court would have done that, it's our belief that his circumstances would have outweighed the 3553 factors and the District Court would have found that Mr. Endre is entitled to relief under 3582. And this is based upon the incapacitation of Mr. Endre's parents and his need to care for them, his status as a victim of sexual abuse while in prison, and his evidence of rehabilitation. The Court presumed extraordinary and compelling reasons. So what is your argument based on? You're saying if the Court had assessed that, it would come out differently, but your client won that wrong because the Court presumed it. Not necessarily, Your Honor. So what the Court found is that it assumed without deciding that Mr. Endre had established that one extraordinary and compelling reason for compassionate release. This is not the total analysis required by Concepcion in the First Step Act. As this Court's aware, the First Step Act requires that the District Court make clear that it reasoned through the party's arguments and that it must have demonstrated that it considered Mr. Endre's arguments raised before it. An assumption is not the same as a determination. We've all heard facts or reviewed cases. But the assumption was in your client's favor. It is for the purposes that the Court made, it assumed that there was a factor, but that is not the same as reasoning through those and reaching a conclusion. And are you saying that a court is never allowed to make that assumption at the first step? Under the framework set forth by Thacker and Concepcion, it's our position that the Court would need to just go through those factors. It may very well reach the same result, but it still must go through. And what language in those cases are you saying requires a court to do this two-step sequentially? Because I don't read it like that. So we've got a couple of cases. So as I mentioned earlier, Concepcion, the Court must make it clear that it reasoned through the party's arguments. But there's nothing in Concepcion that says you have to, you can't assume the first step is met and jump to the 3553 factors. Your Honor, in the United States v. Rucker, the Supreme Court laid out that the Court must consider the applicant's individualized arguments and evidence. So that would give additional support for our argument that the Court must reason through these individualized arguments and then reach its own conclusion. And as I mentioned earlier, assuming that they apply is not the same as making that determination. Mr. Toliver, but does it matter here? Because in the end, the Court denied the motion based upon the 3553A factors. And so can you take me through your argument about why, assuming that you're right, that the Court should have engaged in that first step analysis, that it wasn't harmless? Why would it have made a difference? And that's where the government ended up in its conclusion. It determined that if there was error, it was harmless error. So our argument would be that you start with the factors that the Sentencing Commission asks us to look at. And the first one is the need to care for his parents. So that is specifically outlined in the rule that you consider. Mr. Andrade made that argument. So he's made his extraordinary and compelling circumstance. Sexual assault, the way it's written now, is based upon primarily at the hands of BOP. Here, there's no evidence that it was BOP, but it was other inmates. Now that could fall under the other reasons. And in addition, as this Court's aware, rehabilitation alone is not enough, but rehabilitation could also be an other reason. So when you look at the extraordinary, compelling reason that he is there to care for his parents, as well as the other reasons, that should outweigh the 3582 factors. But I guess the problem, the concern I have with that argument is that basically you're asking us to re-weigh the 35, the way the judge weighed the 3523A factors. And is that necessarily the, in your view, the applicable standard here, that we get to look at this de novo and weigh the factors accordingly? No, and I apologize if that was how I presented it. I believe the appropriate standard would be that the Court would send this back to the District Court to re-weigh, to evaluate the evidence and make a determination. Now, it may very well reach the same conclusion and find that, as you had mentioned, that the error was harmless, but it still needs to go through and look at those factors and make its own individualized determination. Can we, from the record, isn't it a reasonable conclusion to think that the Court did consider in its 3523A factors the reasons that Mr. Andre advanced with regard to his extraordinary, compelling reasons? Because the Court does outline the basis for the argument. Isn't it reasonable to assume from this record that the Court did weigh all of that? No, Your Honor, and I think the reason why it's not reasonable to assume that is because, while the end result may be the same, if there is a test that's outlined, it's our position that the Court should go through those steps. So, if there's 10 steps that go through it, you don't just get to skip ahead to step 8 and then make your determination and let's just assume that everything else was in its favor. A reasoned analysis is, let's go through each of these factors, yea or nay, it applies or it doesn't, and then you reach your conclusion at the end. Is your argument, counsel, that even if we're completely satisfied that the 3553A factors were thoroughly considered, including any factors that would have also played into whether or not there was extraordinary and compelling reasons for release, we still need to send it back? I think our position, Your Honor, would be that you would still need to perform the analysis. And so, I think our position would be, even if the conclusion would be the same at the end of the day, the analysis needs to be performed. And Mr. Andre is entitled to at least that, where somebody looks at it, makes an individualized determination based upon his specific facts and circumstances, and then reaches the conclusion. Here, it appeared that the Court reached the conclusion and then said, well, we'll just assume that everything else was in his favor, and it doesn't appear that that's what the law requires. If there are no further questions, we'll reserve the rest of our time for rebuttal. Thank you. Thank you. Ms. Haney, good morning. Good morning. Thank you, Your Honor. May it please the Court, my name is Carolyn Haney, on behalf of the United States. When denying a motion for compassionate release, a district court is required to provide only one good reason for its denial. Here, the district court provided several good reasons, and accordingly, its ruling should be affirmed. I would like to first address an argument made by the appellant that the district court did not consider his arguments when fashioning her ruling. Here, you can see the district court did consider his argument. She outlined them explicitly in her ruling. She did not make an explicit finding on any of them, but, as the court has noted, she assumed that one of them had been met. She assumed that step one has been satisfied. And, in any event, the Seventh Circuit is clear that denial on the basis of the 3553A factors is an independent basis for relief. The court does not need to go through a point-by-point rebuttal of all of a defendant's arguments for compassionate release. One good reason is enough, and denial on the basis of 3553A factors is sufficient. And, accordingly, for that reason, here, even if the court were to have made a mistake at step one, if the court were to find that its analysis was insufficient, we believe that it was. But, even so, denial on the basis of the 3553A factors, the result would be the same, given that. Because compassionate release can only be granted if the 3553A factors support a grant of relief. Is it the government's position that the court needs to go through steps one and two sequentially? No, Your Honor. Given that step two is an independent basis for relief, if the court assumes without deciding that step one has been met, even without going through all of the arguments made at that step, denial at step two is sufficient. The court, here, as was pointed out, got his release date wrong. The court said it was 2037 rather than 2028. What impact should that have? Yes, Your Honor. So, the court, at one point in its decision, did provide the incorrect out date. As an initial matter, we would argue that any argument based on that incorrect date has been waived. It was not raised in the appellant's principal brief. The appellant explicitly referenced the court's inclusion of that December 2037 out date on page 16 of his principal brief. It did not raise that that date was incorrect or that it had impacted the district court's analysis. Additionally, the district court had included the correct out date earlier in its opinion. It included that with a last visited citation that was only a couple of weeks before the issuance of the order, showing that the court was aware of the correct date, even though it was misstated later in the opinion. But, in any event, the out date was only one of several factors given by the district court for its denial. If there are no further questions, we would rest on our brief and respectfully request that the court affirm the district court's denial of Mr. Andres' motion for compassionate release. Okay. Thank you. Thank you. Mr. Talver, you have a little bit of time left. Thank you, Your Honor. Your Honor, as we mentioned, we believe that the court should send this back to the district court for a complete review of those factors. And then once it's made a determination as to whether extraordinary compelling factors exist, then it can reach its conclusion. So that's simply all we're asking for is that the court send this back to the district court so that it may do that analysis. No further questions. Thank you for your time. Thank you, Mr. Talver. And, Mr. Talver, I understand you were appointed in this case, correct? We were, Your Honor. Thank you for your strong advocacy both in the written and your oral presentation today. Well, thank you for the opportunity.